**Anele R. GRABAUSKAS,**
**Plaintiff–Appellant,**

v.

**CENTRAL INTELLIGENCE AGENCY,**
**Defendant–Appellee.**

No. 08–3744–cv.

United States Court of Appeals,
Second Circuit.

Dec. 2, 2009.

Anele R. Grabauskas, Ridgewood, NY, pro se.

Benton J. Campbell, United States Attorney for the Eastern District of New York, Zachary A. Cunha and Varuni Nelson, Assistant United States Attorneys, Brooklyn, NY, for Appellees.

PRESENT: REENA RAGGI, PETER W. HALL, Circuit Judges, BRIAN M. COGAN,* District Judge.

---

* District Judge Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff Anele R. Grabauskas, *pro se*, appeals from the *sua sponte* dismissal of her complaint without leave to amend. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review *de novo* a district court's *sua sponte* dismissal of a complaint. *See Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004). Upon such review, we conclude, substantially for the reasons stated by the district court, that Grabauskas's complaint so plainly "lacks an arguable basis either in law or in fact" that it was properly dismissed *sua sponte* without allowing further pleading. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir.2000). Even when read with the "special solicitude" due *pro se* pleadings, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks omitted), the complaint fails "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998) (observing that dismissal is proper where allegations are "product of delusion or fantasy" (internal quotation marks omitted)). Moreover, because there is no reason to think that a valid claim might be stated, denial of leave to amend was appropriate. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000).

We have considered Plaintiff's other arguments on appeal and conclude that they

are without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.